## Nearhood v. City of Altoona

C.P. of Blair County, no. 96 EQ 4003.

*George R. Hludzik* and *Daniel J. Milliron,* for plaintiff.
*David P. Andrews,* for defendants.

CARPENTER, *J.,* September 13, 1996—This matter comes before the court on a complaint filed by Ray A. Nearhood requesting injunctive relief from actions of the council of the City of Altoona arising out of meetings conducted by the city council on July 12, 1996, July 18, 1996, and July 24, 1996. The petition was filed on August 16, 1996. On August 20, 1996, while refusing to enter a preliminary injunction, this court scheduled the matter for hearing on August 28, 1996. Prior to that hearing, the defendants filed a brief in opposition to plaintiff's request for preliminary injunction and preliminary objections to plaintiff's complaint. The preliminary objections were in the nature of a demurrer to all three counts of the complaint. Since plaintiff's counsel obviously had no opportunity to review the preliminary objections prior to hearing on August 28, 1996, this court continued the matter generally to afford counsel an opportunity to brief the preliminary objections as well as to provide the City of Altoona an additional opportunity to file any further response to the action itself. The matter is now before the court for further consideration as to (1) whether a preliminary injunction should issue, (2) whether the preliminary objections should be sustained and the demurrers granted, and (3) what, if any, further proceedings are required to discharge this matter. Excellent briefs were filed by the court's deadline of September 11, 1996, and the court declined further oral argument on September 12, 1996, upon receipt of those briefs. The matter is now ripe for disposition.

Claims for injunctive relief are properly within the purview of the court. Rule 1531 of the Rules of Civil Procedure directs that in determining whether a pre-

liminary or special injunction should be granted and whether notice or a hearing should be required, the court may act on the basis of the averments of the pleadings or petition and may consider affidavits of parties who are third persons or any other proof which the court may require. (See Rule 1531(a) generally.) It then falls to the court to determine when a hearing is or is not properly granted.

In the instant case, after considered review we are satisfied that further proceedings are not justified. There are several reasons why we believe this to be true. Our position is based in part on our belief as to the purpose of the Sunshine Law (relating to Count I of plaintiff's complaint) and in part on what we believe is defendant City's meritorious argument as to the validity of the arbitration clause contained in the contract of employment (relating to Counts II and III). We will discuss these reasons in the order stated. In Count I, plaintiff argues to this court that he is entitled to injunctive relief based on alleged failures by the Altoona City Council to proceed properly under the Sunshine Law. Our problem with plaintiff's position is straightforward. We do not believe that plaintiff's proposed use of the Sunshine Law as a basis for injunctive relief to protect his personal, private employment right is fundamentally sound. The Sunshine Law does not exist to vindicate the private rights of individuals in their employment. The legislature has stated in no uncertain terms the purpose of the Sunshine Law as follows:

"(a) Findings—The General Assembly finds that the right of the public to be present at all meetings of agencies and to witness the deliberation, policy formulation and decision-making of agencies is vital to the enhancement and proper function of the democratic process and that secrecy in public affairs undermines

the faith of the public in government and the public's effectiveness in fulfilling its role in a democratic society.

"(b) Declarations—The General Assembly hereby declares it to be the public policy of this Commonwealth to insure the right of its citizens to have notice of and the right to attend all meetings of agencies at which any agency business is discussed or acted upon as provided in this Act." 65 P.S. 272, section on legislative findings and declaration.

These themes are repetitively stated in the case law (purpose of Sunshine Act is to give citizens opportunity to observe decision-making process of public agencies) *Press Enterprise Inc. v. Benton Area School District,* 146 Pa. Commw. 203, 604 A.2d. 1221 (1992) (purpose of this Act is to ensure public's ability to witness and evaluate actions of public officials and to allow public to determine if it is being adequately represented; acts of deliberation, discussion, and policy formulation, as well as formal action, require open meetings) *Babac v. Pennsylvania Milk Marketing Board,* 136 Pa. Commw. 621, 584 A.2d 399 (1990). A fair reading of plaintiff's complaint and his excellent brief make it clear to us that he seeks through a statute designed to protect the public's right the vindication of a private right.

The only relief requested by the plaintiff, other than an injunction *to protect his job status,* is a generic request that the Altoona City Council be required to follow the Sunshine Law in future proceedings. Obviously, we are prepared to protect the *public's right to know* on a case-by-case basis as the need might arise. However, one need look no further than the caption of this case and the relief requested to see that this case is essentially dealing with Mr. Nearhood's firing and its propriety. We view this as an action not contemplated by or within the purpose of the Sunshine

Law. We say this notwithstanding plaintiff's counsel's innovative bootstrapping argument that the public is somehow a plaintiff in this case. The caption and the relief claimed say otherwise.

That the public is not a real plaintiff in interest is clear because of the council meeting held on July 24, 1996. As to that meeting, plaintiff makes no argument that the Sunshine Act was not properly followed or that the *public's* rights were violated under the Sunshine Law. Instead, plaintiff takes what he perceives to be earlier violations of the Sunshine Law and summarily concludes that because the earlier meetings were flawed the entire process was somehow tainted. This argument as it relates only to Mr. Nearhood's firing, belongs *only* to Mr. Nearhood—not the public.

In summary, we cannot say often enough that Mr. Nearhood's firing and the manner in which it was accomplished are employment-related issues. The *fact* of the firing and the manner in which it was done are subject to the employee's contract. The public's right to know about it under the Sunshine Law is a separate issue. The City's right to fire plaintiff under the employment contract solely by action of council is well nigh absolute. The contract provides as follows:

"Nothing in this agreement shall prevent, limit, or otherwise interfere with the right of the City to terminate the services of the manager *any time,* subject to the provisions of the Optional Plans Law and as hereinafter set forth in items no. 5 and 6."

The Optional Plans Law provides in pertinent part as follows:

"Section 1-822 Removal from office

*"The municipal manager shall be appointed for an indefinite term, and may be removed by a majority*

*vote of the council.* At least 30 days before such removal shall become effective, the council shall notify the municipal manager of its decision to remove him from office, by a majority vote of its members, stating the reasons for his removal. The municipal manager may reply in writing and may request a public hearing, which shall be held not earlier than 20 days nor later than 30 days after the filing of such request. After such public hearing, if one be requested, and after full consideration, the council by a majority vote of its members may adopt a final resolution of removal. By the preliminary resolution, the council may suspend the municipal manager from duty, but may, in any case, cause to be paid him, forthwith any unpaid balance of his salary and thereafter his salary for the next three calendar months."

The parties agree that the above process to terminate Mr. Nearhood is in progress presently. Whether that process has been or is ultimately faithfully performed, however, is not a matter properly before this court. It is rather for an arbitrator as provided for in paragraph 14 of the employment contract which we quote as follows:

"In the event of any dispute concerning interpretation, application, or enforcement of any provision of this agreement, the parties agree that any and all such disputes shall be referred to arbitration. Said arbitration shall proceed through the American Arbitration Association, in accordance with its voluntary rules for labor arbitration."

As to Count II and Count III of plaintiff's complaint which allege violations of constitutional guarantees, the Home Rule Charter, and the Optional Plans Act these claims should be barred for two reasons. First, they are not a proper basis for injunctive relief by this court.

All of these claims belong in another forum pursuant to the party's employment contract and we adopt defendant's excellent brief in these regards. While we believe it is the duty of this court to interpret the Sunshine Law, we believe that is the extent of this court's jurisdiction in light of the employment contract. As to the other issues, this matter should go forward in arbitration as required by that employment contract. Not only is this correct on the law but as a question of judicial economy as well. We do not deny the right of a court sitting in equity to enforce statutory law notwithstanding an arbitration clause where appropriate. Accordingly, we do not reach the question of plaintiff's prospective entitlement to injunctive relief under the applicable legal standard set forth in *Cappiello v. Duca,* 449 Pa. Super. 100, 106, 672 A.2d 1373, 1376 (1996).

It is clear that the very types of violations alleged in Count II and Count III of plaintiff's complaint belong in the arbitration process to which all parties agreed with (no exceptions) in their contract. Both the case law cited by defendants and the contract itself mandate that conclusion. We believe that the arbitration clause is properly enforceable as to all the claims made in Counts II and III of plaintiff's complaint. This complaint must be denied and dismissed. We enter the following order.

## ORDER

Now, September 13, 1996, plaintiff's request for injunctive relief is denied. This matter is not entitled to further hearing on the merits as to the relief requested in Count I and defendants' demurrers are granted as to Counts II and III. Accordingly, no further proceeding shall be scheduled. We note, however, that we have made no finding as to the ultimate merit of plaintiff's

position that he was improperly terminated. We simply do not reach the issue.

Finally, viewing this case as raising the question as to whether or not this court was a proper forum for the relief sought (while we have answered in the negative) the case was not unreasonably brought. Accordingly, defendant City's motions for sanctions and counsel fees against plaintiff are denied without further hearing.